

**U.S. Department of Justice**
United States Attorney
District of Connecticut

| | |
|---|---|
| *Connecticut Financial Center* | *Telephone: (203)821-3700* |
| *157 Church Street, Floor 25* | *Fax: (203) 773-5376* |
| *New Haven, Connecticut 06510* | |

February 14, 2013

Deirdre Murray, Esq.
Office of the Federal Public Defender
10 Columbus Blvd, Floor 6
Hartford, CT 06106-1976

Re:   <u>**United States v. Dana Rivera**</u>
      **Criminal No. 3:12CR221(RNC)**

Dear Attorney Murray:

This letter confirms the plea agreement between your client, Dana Rivera (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to plead guilty to Count One of a two-count indictment charging her with Conspiracy to Commit Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1594(c). She understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. That two of more persons entered into an unlawful agreement to commit sex trafficking of a minor, as described in the Indictment; and
2. That the defendant knowingly and willfully became a member of this conspiracy.

## THE PENALTIES

This offense carries a maximum penalty of life imprisonment and a $250,000 fine. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least five years and as much as life. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant understands that, should she violate any condition of the supervised release, she may be required to serve a further term of imprisonment of up to five years with no credit for time already spent on supervised release.  However, if the defendant is required to

*Letter to Deirdre Murray, Esq.*
*Page 2 of 12*

register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of not less than 5 years of imprisonment.  18 U.S.C. § 3583(k).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571.  Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction.  The defendant agrees to pay the special assessment on or before the date of sentencing unless she establishes an inability to pay on or before the date of sentencing through the financial disclosure to the Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

The defendant is also subject to restitution, as discussed below.  Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date.  18 U.S.C. § 3612(f).   Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C.  § 3572 (h), (i) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, 2259, and 1593, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of 18 U.S.C. §§ 3663A, 2259, and 1593.  The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution and Second Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.   Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of at least $6,000.

## THE SENTENCING GUIDELINES

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement.  The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of

the evidence, based upon input from the defendant, the Government, and the United States Probation Office.  The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to §3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that

the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2X1.1 and 2G1.3(a)(2) is 30. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 27.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category III. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 27, assuming a Criminal History Category III, would result in a range of 87 to 108 months of imprisonment (sentencing table) and a fine range of $12,500 to $125,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 5 years to life. U.S.S.G. § 5D1.2.

The defendant agrees not to seek a sentence below 78 months' imprisonment, either through an application for a downward departure from the sentencing range set forth above, or through an application for a non-Guidelines sentence. The defendant agrees not to suggest that the Probation Department consider a departure or adjustment below 78 months' imprisonment, or that the Court *sua sponte* consider a departure or adjustment below 78 months' imprisonment. The defendant understands that the Government reserves the right to object to any application for a downward departure or non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction and sentence.  The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed 108 months' imprisonment, a life term of supervised release, a $250,000 fine, and $6,000 in restitution, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range.  The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence.  The defendant acknowledges that she is knowingly and intelligently waiving these rights.  Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in her defense.  The defendant understands that by pleading guilty she waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant further understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to vote, to

hold public office, to serve on a jury, or to possess firearms.  The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that she has been advised and understands that she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout her life. The defendant understands that pursuant to these requirements, she must register and keep the registration current in each of the following jurisdictions: where she resides; where she is an employee; and where she is a student.  She understands that the requirements for registration include providing her name, her residence address, and the names and addresses of any places where she is or will be an employee or a student, among other information.  She further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student not later than three business days after any change of her name, residence, employment, or student status.  The defendant has been advised, and understands, that she will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If she resides in Connecticut following release from prison, she will be subject to the registration requirements of Conn. Gen. Stat. § 54-253. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update her registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the conduct which forms the basis of the Indictment in this case.  After sentencing, the Government will move to dismiss Count Two of the indictment because the conduct underlying the dismissed count will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the

Government may void all or part of this agreement.  If the agreement is voided in whole or in part, defendant will not be permitted to withdraw her plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY


DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

DANA RIVERA                             2/14/2013
The Defendant                           Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

DEIRDRE MURRAY, ESQ.                    2/14/13
Attorney for the Defendant              Date

*Letter to Deirdre Murray, Esq.*
*Page 9 of 12*

## STIPULATION OF OFFENSE CONDUCT

The defendant Dana Rivera and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Count One of the Indictment:

Between in or about December 2010 and continuing through on or about June 15, 2011, a conspiracy existed whereby two or more people knowingly enticed, harbored, transported, provided, obtained, and maintained by any means MV-1, knowing and in reckless disregard of the fact that MV-1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

The defendant knowingly joined this conspiracy, and furthered MV-1's participation in prostitution in multiple ways, including the following: the defendant posted advertisements on the Internet seeking others to engage in commercial sex with MV-1; the defendant traveled with MV-1 to meet with men who would engage in sex with MV-1 for money; and the defendant booked hotel rooms in which MV-1 met with men to have sex for money.

The defendant acknowledges that during the above offense, the defendant was aware that MV-1 had not attained the age of eighteen years.

The defendant acknowledges that during the course of her participation in the conspiracy, the defendant and/or her co-conspirators received at least $6000 from participation in MV-1's conspiracy.

The written stipulation above is incorporated into the preceding plea agreement.  The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

DANA RIVERA
The Defendant

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

DEIRDRE MURRAY, ESQ.
Attorney for the Defendant

*Letter to Deirdre Murray, Esq.*
*Page 10 of 12*

<u>RIDER CONCERNING RESTITUTION</u>

Pursuant to 18 U.S.C. §§ 2259 and 1593, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

    (A)    medical services relating to physical, psychiatric, or psychological care;

    (B)    physical and occupational therapy or rehabilitation;

    (C)    necessary transportation, temporary housing, and child care expenses;

    (D)    lost income;

    (E)    attorneys' fees, as well as other costs incurred; and

    (F)    any other losses suffered by the victim as a proximate result of the offense.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of her offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

## SECOND RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A.  The order of restitution may include:

1.    If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A.    Return the property to the owner of the property or someone designated by the owner; or

    B.    If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of –

(I) the value of the property on the date of the damage, loss, or destruction;  or
(II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.    In the case of an offense resulting in bodily injury to a victim –

    A.    pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.    pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.    reimburse the victim for income lost by such victim as a result of such offense;

3.    In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.    In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made  a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of her offense under 18 U.S.C. § 3555.

*Letter to Deirdre Murray, Esq.*
*Page 12 of 12*

<u>RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE</u>

1.      The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office.  The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2.      The defendant shall permit the United States Probation Office, accompanied with either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[2] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

3.      The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

4.      The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

5.      The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

6.      The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

7.      The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

_____

[2] *See United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004).