UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:12CR-221(RNC)<br>USM: 21346-014 |
| DANA RIVERA | Government's Counsel:<br>David E. Novick<br>Assistant U.S. Attorney<br>157 Church Street, 23rd floor<br>New Haven, Connecticut 06510<br><br>Defendant's Counsel:<br>Deirdre A. Murray<br>Assistant Federal Defender<br>10 Columbus Boulevard, 6th floor<br>Hartford, Connecticut 06106 |

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 1594(c) | Conspiracy to Commit Sex Trafficking of a Minor | June 15 2011 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court imposes a non-Guidelines sentence to give effect to the parties' plea agreement, which assumed that the defendant would be subject to an advisory guideline range of 87 to 108 months' imprisonment, and in light of the defendant's history as a victim of abuse, which has resulted in mental and emotional conditions that were a factor in her offense conduct.

## IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 78 months.

## RECOMMENDATIONS TO THE BUREAU OF PRISONS

The Court recommends to the Bureau of Prisons that the defendant be designated to serve her term of incarceration at FCI Danbury to facilitate family visits.

## SUPERVISED RELEASE

The defendant will be on supervised release for a term of seven years subject to the mandatory and standard conditions of supervised release set forth below at pages 4-5. In addition, the following special conditions are imposed:

1. The defendant will participate in a program of mental health evaluation, counseling and treatment, either patient or out-patient, with an emphasis on sex offender treatment, to include participation with polygraph administration, under the direction of the United States Probation Office. The defendant will pay all or part of the costs associated with this treatment program based on her ability to pay in an amount to be determined by the Probation Office.

2. The defendant will participate in a program of substance abuse monitoring, counseling and treatment under the direction of the Probation Office. The defendant will pay all or part of the costs of this treatment program based on her ability to pay in an amount to be determined by the Probation Office.

3. The defendant will permit the Probation Office, accompanied by local, state, or federal law enforcement personnel, upon reasonable suspicion, to conduct a search of her residence, automobile and workplace for the presence of sexually explicit materials involving minors.

4. The defendant will comply with any applicable federal, state and local sex offender registry laws and requirements.

5. The defendant will provide the Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements.

6. The defendant will not associate with, or have contact with, convicted sex offenders or others with whom association or contact is considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group.

7. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of eighteen.

8. The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

**MONETARY PENALTIES**

The defendant will pay a special assessment of $100.

**RESTITUTION**

The defendant is required to pay restitution to the victim in this case, jointly with her co-defendant, in the total amount of $6,000. The defendant's obligation to pay restitution will commence with her term of supervised release. While on supervised release, the defendant will make restitution payments to the Clerk's Office, which will forward payments to the victim. The payments will be made in accordance with a schedule to be proposed by the Probation Office and approved by the Court taking account of the defendant's ability to pay.

Count Two of the Indictment is dismissed as to this defendant on the oral motion of the United States.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the special assessment and restitution imposed by this judgment are paid.

DATE: May 8, 2013
Date of Imposition of Sentence

/s/
Robert N. Chatigny, United States District Judge
Date: May 8, 2013

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                        Joseph P. Faughnan
                                                        United States Marshal

By: _____
            Deputy Marshal

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
**Roberta D. Tabora, Clerk**
**BY:** _____
    **Deputy Clerk**

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ■ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C.§§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub L.105-119, § 15(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or
  (B) In a state in which the requirements of the Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence, (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment; or if such notification is not possible, then within five days after such change;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment,</u> (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____    _____
                **Defendant**                              **Date**

                _____    _____
                **U.S. Probation Officer/Designated Witness**   **Date**